MICHELE BECKWITH
Acting United States Attorney
ROGER YANG
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:23-cr-00069-JAM |
|---|---|
| Plaintiff, | |
| v. | **STIPULATION AND PRELIMINARY ORDER OF FORFEITURE** |
| YAN CHEN, | |
| Defendant. | |

The United States and defendant Yan Chen stipulate to the entry of a Preliminary Order of Forfeiture based on the Application of the United States, as set forth below:

1.  On or about May 5, 2023, defendant Yan Chen entered a guilty plea to Count One of the Information, which charges her with Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h). As part of her plea agreement with the United States, defendant Yan Chen agreed to forfeit voluntarily and immediately $1,152,963.00, as a personal money judgment pursuant to Fed. R. Crim. P. 32.2(b)(1). *See* Defendant Chen's Plea Agreement ¶ II.G.

2.  The parties have reached a resolution wherein two real properties owned or controlled by the defendant will be forfeited and sold to satisfy the $1,152,963.00 money judgment. This real property forfeiture completely resolves the personal money judgment and reflects a reasonable compromise between the parties concerning the proceeds the defendant obtained as a result of violating 18 U.S.C. §

1956(h), to which she has pled guilty. The United States and defendant Yan Chen hereby apply for entry of a money judgment as follows:

3. Pursuant to 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2(b)(1), the Court shall impose a personal forfeiture money judgment against defendant Yan Chen in the amount of $1,152,963.00.

4. The above-referenced personal forfeiture money judgment is imposed based on defendant Yan Chen's conviction for violating 18 U.S.C. § 1956(h) (Count One). To satisfy the $1,152,963.00 personal money judgment pursuant to Fed. R. Crim. P. 32.2(b)(1), the defendant agrees to forfeit to the United States voluntarily and immediately all her right, title, and interest to the following real properties:

    a. The real property located at 7466 Villajoy Way, Sacramento, CA 95823, APN: 049-0420-051-0000; and

    b. The real property located at 15160 E. Ave South, Llano, CA 93544, APN: 3080-001-013.

5. The parties agree that defendant Yan Chen shall have six months from the entry of the Preliminary Order of Forfeiture to sell the above real properties and the government shall receive all of the net sale proceeds through each escrow. All right, title, and interest in said funds shall be substituted for the real properties and forfeited to the United States. Payment should be made in the form of a cashier's check made payable to the U.S. Marshals Service and sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.

6. The parties agree that if defendant Yan Chen is unable to sell the real properties within six months from the entry of the Preliminary Order of Forfeiture, the sale of the real properties shall be handled by the U.S. Marshals Service in a commercially reasonable manner.

7. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the properties.

8. The net proceeds from the sale of the real properties will include all money realized from the sale of the real property, except for the following:

    a. Real estate commissions;
    b. Amounts due to the holder of any valid lien recorded;
    c. Real estate property taxes which are due and owing;
    d. Insurance costs, if any;
    e. Title fees;

    f. HOA fees, if any;
    g. Escrow fees and expenses; and
    h. County transfer taxes.

9. The net proceeds from the sale of the real properties shall be deposited in the Seized Asset Deposit Fund by the U.S. Marshals Service.

10. Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the Title/Escrow Company.

11. Defendant Yan Chen shall maintain the real properties in the same condition and repair as existed on the date of signing this stipulation, normal wear and tear excepted, until his custody, control, and responsibility have ceased. The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; and keeping the property in good condition by providing ordinary and necessary items of routine maintenance.

12. Defendant Yan Chen shall maintain all insurance policies currently in effect with respect to the real properties, including hazard insurance to cover all buildings and other improvements that are now located on the property until the sale is completed. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and liability to persons injured on said properties and for property damage to the real properties.

13. Except as specifically provided herein, defendant Yan Chen shall not convey, transfer, encumber, lien, or otherwise pledge the real properties without the prior, written approval of the United States.

14. All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the forfeiture and/or sale of the real properties. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture and/or sale, as well as to those now known or disclosed. The parties to this Stipulation waive the provisions of California Civil Code § 1542, which provides:

  A general release does not extend to claims which the creditor or releasing

party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

15. The defendant waives oral pronouncement of forfeiture at the time of sentencing and any defects in such pronouncement that pertain to forfeiture and waives any defenses to forfeiture.

16. All parties are to bear their own costs and attorneys' fees.

Dated:  5/16/2025

MICHELE BECKWITH
Acting United States Attorney

By: /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated:  5/16/2025

/s/ Shawn Salehieh
SHAWN SALEHIEH
Attorney for Defendant
Yan Chen

(Signature authorized by email)

# **O R D E R**

For good cause shown, the Court hereby imposes a personal forfeiture money judgment against defendant Yan Chen in the amount of the **$1,152,963.00**, which the United States and Defendant have agreed shall be resolved by forfeiting two real properties, described as follows:

**1.** The real property located at 7466 Villajoy Way, Sacramento, CA 95823, APN: 049-0420-051-0000; and

**2.** The real property located at 15160 E. Ave South, Llano, CA 93544, APN: 3080-001-013.

The real properties shall be disposed of as provided above in paragraphs 5 through 13. All parties shall bear their own costs and attorneys' fees.

IT IS SO ORDERED.

Dated: May 19, 2025

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE